HYGEIA ANTISEPTIC TOOTHPICK CO. *v.* UNITED STATES (No. 404).[1]

"HYGEIA" PAPER USED FOR WRAPPING STRAWS AND TOOTHPICKS.

There is a presumption in favor of a collector's classification and assessment which must be overcome by proof, and it being possible to show by chemical analysis alone that the importation of hygeia paper contained less magnesia than cigarette paper contains, and the results of no such analysis being shown, and it appearing the dominant use of paper such as this in question is for the manufacture of cigarettes, the assessment of the collector must stand, as proper, under paragraph 459, tariff act of 1897.

United States Court of Customs Appeals, April 17, 1911.

APPEAL from a decision of the Board of United States General Appraisers, Abstract 23519 (T. D. 30710), Abstract 23642 (T. D. 30754).

[Affirmed.]

*Comstock & Washburn (Albert H. Washburn* and *J. Stuart Tompkins* of counsel) for appellant.

*D. Frank Lloyd,* Assistant Attorney General *(Edwin R. Wakefield* on the brief), for the United States.

Before MONTGOMERY, HUNT, SMITH, BARBER, and DE VRIES, Judges.

BARBER, Judge, delivered the opinion of the court:

The merchandise in question consists of certain paper, which was assessed for duty at 60 per cent ad valorem under the provisions

[1] Reported in T. D. 31529 (20 Treas. Dec., 813).

of paragraph 459 of the tariff act of 1897 as cigarette paper. It is claimed by the appellant to be dutiable at 25 per cent ad valorem under paragraph 402 of that act as paper not specially provided for.

The Board of General Appraisers sustained the collector's assessment. Its finding, in substance, is that the paper is like that in another case before it, in which case the paper was held dutiable as cigarette paper. This form of finding affords but little information to this court.

The appellant's contention is that the paper is not in fact cigarette paper in its composition, because it contains less magnesia than does such paper.

It appears from the evidence that there is no difference between the physical appearances and characteristics of this paper and what is concededly a cigarette paper except that the appellant's trade-mark, "Hygeia," is watermarked thereon, that when so marked it is made especially for appellant and obtained by it from a cigarette-paper distributing agency in Vienna, Austria; that it is imported on reels or bobbins in the same manner as most cigarette paper, and that the only way to determine whether or not it contains less magnesia than cigarette paper is by making a comparative chemical analysis, which has not been done.

It appears that paper having apparently the same physical appearances as to quality, color, weight, and width, but not having the watermark "Hygeia" thereon, is commonly used for making cigarettes. It does not appear that the paper involved in this case is not suitable for that purpose, but it is claimed that because it bears appellant's trade-mark it can not be so used.

There is no evidence as to the proportion or amount of magnesia contained by either this or cigarette paper or that all cigarette papers contain the same amount thereof. The learned counsel for appellant assumes that there is evidence of record that the paper at bar contains less magnesia than cigarette paper, and upon that assumed fact his claim is really based, although he urges in connection therewith what appears without dispute—namely, that the only use made by appellant of this paper is to wrap therein antiseptic quill toothpicks and hygienic julep straws. The evidence relied upon to show that the paper contains less magnesia than cigarette paper is in substance that several years ago appellant bought on the market cigarette paper for wrapping these toothpicks and straws. It was desired to close the wrapper by corrugating the same with machinery without the use of an adhesive; but the cigarette paper then obtained occasioned trouble, because the wrappers opened at the ends where the corrugating processes had been applied.

In this connection, Mr. Herz, who said he was the proprietor of the appellant, testified:

Q. Do you know whether or not this paper is made the same as cigarette paper, Mr. Herz?—A. A change has been made in the manufacture of it to suit our purposes. As I understood when I was abroad and spoke to the manufacturer, he said that the cigarette paper contained an excessive amount of magnesia and that was the reason why it would not corrugate and close; so they made this paper for our purposes with less magnesia, as far as I understand.

Cross-examination:

Q. Do you know, Mr. Herz, what process this is put through from your own knowledge?—A. I could not tell you; I don't know.

Q. All you know is what the manufacturer told you about it?—A. I went to the manufacturer and told him what we need, and he said that he would look after that and put in less magnesia.

It does not appear that appellant or its agents then knew or have since learned, except as already stated, the reason why the cigarette paper proved unsatisfactory in the respect mentioned.

So far as appears, appellant has had no further trouble of the kind mentioned since this interview with the manufacturer, and the plain inference from the evidence is that paper like the importation in question is adapted to be corrugated and reasonably thereafterwards to keep its shape. Except as appears from the quoted evidence and the facts hereinbefore set forth, there is no evidence tending to show either that the cigarette paper first used contained too much magnesia or that the manufacturer, after Mr. Herz called upon him, used less magnesia in this paper than was then used in making cigarette paper or is now used therein, or that cigarette paper now in use contains the same, a greater, or a less amount of magnesia than is contained in the importation here.

There is a presumption in favor of the collector's classification and assessment which must be overcome by proof.

We think from the foregoing quoted evidence of Mr. Herz, considered in connection with the other facts stated, it clearly appears that all he knows upon the question of whether or not this paper contains less magnesia than cigarette paper is based upon what he has been told. This is hearsay evidence, and not proof sufficient to overcome the presumption of the correctness that attaches to the collector's action. The fact that this paper corrugates sufficiently to meet appellant's requirements and cigarette paper does not, if such be now the case, is of no avail, because it does not appear that it is because the paper contains less magnesia than cigarette paper, except that Mr. Herz says he has been told so.

We think it is obvious that appellant's trade-mark on this paper does not of itself preclude its classification as cigarette paper. The appellant can use it for the manufacture of cigarettes, or may license others to do so. It is, however, argued that the fact that it is pre-

pared for and devoted to a dissimilar use should preclude such a classification.

Paragraph 459 relates to "cigarette paper in all forms." This paper has been classified as "cigarette paper," and no evidence is found to overcome the resulting presumption that it is such; indeed, we think the evidence tends to support the classification. Doubtless cigarette paper is sometimes devoted to purposes other than the making of cigarettes, but we think when once it appears that an article is cigarette paper in fact, its classification can not be changed by devoting it to such a use as appears in this case; it is still cigarette paper. If the question of use, however, were of consequence, the rule is well settled that the chief or predominant use to which an article is applied determines its classification, although it may be exceptionally and practically used for other purposes. Magone *v.* Wiederer (159 U. S., 555).

It appears of record that the amount of this paper used by appellant is but a very small part of the whole amount of cigarette paper imported to and used in the United States in the manufacture of cigarettes.

The judgment of the Board of General Appraisers is *affirmed.*

Montgomery, Presiding Judge, and Hunt, Smith, and De Vries, Judges, concur.